UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA

        Plaintiff,

v.

CARLOS DAVID VELEZ JAVIER,

        Defendant.
_____/

CASE NO.: 1:22-CR-20601-JEM-1

## SENTENCING MEMORANDUM

### MEMORANDUM OF LAW

The Sentencing Reform Act of 1984 created the U. S. Sentencing Guidelines ("Guidelines") in which a Federal District Court Judge must consider each of the factors set forth in 18 USC § 3553 (a) when crafting a sentence. However, judges cannot increase sentences beyond the statutory maximum based on their own factual findings. See Blakely vs. Washington, 524 US 296, 303-04 (2004); Later the Court more thoroughly remedied the constitutional problem by holding that sentencing courts must consider the guidelines as only "advisory" and that may "tailor their sentence in light of other statuary concerns". See United States cs. Booker 543 US 220, 245-246 (2005). Pursuant to Booker, guidelines are no longer mandatory, and the final sentence has to withstand "Reasonableness" review. Id 543 US 220, 221; See also Rita vs. United States, 551 US 338 (2007); See also Kimbrough vs. United States, 552 US 85 (2007); Gall vs. United States, 525 US 38 (2007).

The factors the Court must consider in crafting a sentence are:

(1) The nature and circumstances of the offense and the Defendant's history and characteristics (18 USC § 3553(a)(1)).

(2) The general purpose of the Sentencing Reform Act: The need for the sentence imposed to:

(A) Reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(B) To afford adequate deterrence to criminal conduct;

(C) To protect the public from further crimes of the defendant;

(D) To protect the defendant with needs for educational or vocational training, medical care, or other correctional treatment in the most effective manner (18 USC § 3553(a) (2)).

(3) The kinds of sentences available (18 USC § 3553(a)(3)).

(4) The pertinent policy statements issued by the "U.S Sentencing Commission" (18 USC § 3553(a) (5)).

(5) The need to avoid unwarranted sentences disparities between defendants convicted of similar conduct: (18 USC § 3553 (a)(6)).

(6) The need to provide restitution to any victims (18 USC § 3553(a)(7)).

(7) The applicable sentence range recommended by the "Guidelines" (18 USC § 3553(a) (4)).

Sentencing courts are required to consider the § 3553(a) factors and may not presume that a sentence within the guidelines range is automatically reasonable. Gall 128 S.CT 586,596. But sentencing courts have a great deal of discretion in deciding how the factors apply to the case and

in setting a sentence accordingly. See Gall 127 S.CT at 597. Sentencing courts are not required to impose a sentence within the range provided by the "Guidelines. See Kimbrough 128 S.CT at 574-75. United States vs. Diaz - Arguera, 447 F.3d 1167 (9th Cir,2006). Everything boils down to the sentencing court imposing a sentence that is both procedurally reasonable and substantive reasonable and according to the § 3553(a) factors, Mr. Velez Javier is asking this Honorable Court to apply a variance from the federal sentencing guidelines in this case and states as grounds thereof the following:

### REQUEST FOR VARIANCE UNDER 18 USC 3553 (a)

1. **Nature and Circumstances of the Offense**

The defendant accepted responsibility for his actions and plead guilty early on in this case. The defendant did not use any threats, intimidation, or violence. The defendant self-surrendered by coordinating his flight to the United States with US authorities.

In the case before the Court, the defendant sourced a small portion of cocaine sent from the Dominican Republic to the United States. The defendant did not determine the time, manner, location, route, price or the buyer.

2. **The History and Characteristics of the Defendant**

The defendant is 47 years old and has a clean criminal record in the United States and in the Dominican Republic. He has spent a substantial amount of time living in the United States previously, always functioning as a law-abiding resident.

The defendant has long built a small family business which pays for the defendant's necessary life expenses. He can return to this business and has demonstrated over the last few years that he can function as a law abiding and hardworking individual.

The defendant has five children and the youngest is five years old. This child was born with a birth defect and needs to have corrective eye surgery in the near future. He is a great father to all accounts.

3. **The Defendant's Family Support**

The defendant is extremely close to all his five children and has their full support. Undersigned counsel has been in constant contact with various family members who are all waiting to be able to assist the defendant when re-integrating into society. The strong family support is also evidenced by the numerous character letters provided to the Court.

4. **Medical Situation of the Defendant's Mother**

The defendant's mother is 77 years old and in bad health. The defendant was responsible for caring for her as well as driving her to her doctors' appointments. She is suffering from arterial hypertension and advanced type two diabetes. *(Please see attached- Exhibit 1)*

5. **Conclusion**

From the individuals extradited from the Dominican Republic to the United States recently, the defendant seems to be the least culpable one. After his involvement, he separated himself from members of the conspiracy and lived a law-abiding life. He took full responsibility for his actions and self-surrendered from outside of the United States prior to any documents having been filed against him.

**WHEREFORE**, the defendant through undersigned counsel respectfully petitions this Court to apply a variance in this case.

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was e-filed on this 18th day of April, 2023.

Respectfully Submitted,

/s/ **Bijan S. Parwresch, Esq.**
FL Bar No.: 127700
407 Lincoln Road, Suite 12-E
Miami Beach, FL 33139
Tel: (305) 505-8858
Fax: (888) 232-4041
Bijanlaw@aol.com

# EXHIBIT 1



# Centro de Especialidades Médicas Dr. Pérez

Calle Gastón F. Deligne #31, Nagua, R.D.

Teléfono 809-584-3710

## Certificado Médico

Yo, Dewey Ventura Jose, execuátur número 478-11, he examinado a la señora **Albertina Javier Torres**, femenina de 77 años, cédula número **060-0011846-0**, y he constatado que la misma cursa con las siguientes patologías: hipertensión arterial, tratada con Losartán 100 mg por día, diabetes mellitus tipo 2, tratada con Metformina 850 mg dos veces al día e insulina 70/30, 10 unidades antes del desayuno, y 20 unidades antes de la cena respectivamente.

Debido a las patologías que presenta dicha paciente, y por su avanzada edad, considero que la misma se beneficiaría grandemente del cuidado y seguimiento de un familiar.

La misma se expide a solicitud de la parte interesada, hoy 31 de marzo de 2023, para los fines de lugar.

Dr. Dewey Ventura Jose
Médico Internista
Medicina Interna
Exq. 478-11

[Seal]

## Centro de Especialidades Médicas Dr. Pérez
## [Dr. Perez Medical Specialties Center]

Calle Gastón F. Deligne #31, Nagua R.D. [Dominican Republic]

Telephone 809-584-3710

## Medical Certificate

I, Dewey Ventura Jose, exequatur number 478-11, have examined Mrs. **Albertina Javier Torres**, a female, 77 years old, National Identification No. **060-0011846-0**, and hereby certify that she has the following pathologies: arterial hypertension, treated with Losartan 100 mg per day, diabetes mellitus Type 2, treated with Metformin 850 mg two times per day and insulin 70/30, 10 units before breakfast and 20 units before supper, respectively.

Due to the pathologies that this patient presents and given her advanced age, it is my opinion that she would greatly benefit from the care and monitoring of a family member.

This letter is issued upon the request of the interested party, today March 31, 2023 for all purposes deemed necessary.

/Illegible signature/

Dr. Dewey Ventura Jose
[Illegible writing]
[Stamp: Dewey Ventura Jose
Internal Medicine
Exq. 478-11

## CERTIFICATE OF TRANSLATION

STATE OF FLORIDA            }
                            }
COUNTY OF MIAMI-DADE        }

BEFORE ME, on this day, personally appeared KAREN B. BORGENHEIMER, MFA Translation, who being duly sworn, deposes and says that she is fully versed in both the SPANISH and ENGLISH languages, that she is a Florida State Certified Interpreter in Spanish and English and that she is a certified, and experienced translator from each of said languages to the other; and that to the best of her knowledge and belief, the translation attached hereto is a true and accurate rendition of the original aforesaid, consisting of __1__ pages and that this is the last of the attached.

*[signature]*

KAREN B. BORGENHEIMER

The foregoing instrument was acknowledged by me on this __14TH__ day of __April__, 20__23__. Karen B. Borgenheimer personally appeared before me at the time of notarization. She has produced a driver's license as identification, and she did take an oath.

*[signature]*
Joseph Richard Perez, Notary Public
State of Florida at Large

JOSEPH RICHARD PEREZ
Notary Public - State of Florida
Commission # HH 261673
My Comm. Expires May 5, 2026
Bonded through National Notary Assn.